Lipscomb, J.
The appellant contends that tho court helow erred in dissolving the injunction before there had been a final disposition of the suit brought by Lewis against the appellant and James II. Durst to recover 1¡he land purchased by appellant of the said James II. Durst, for which the note sued on. in this ease was given in part consideration, the balance of the consideration having been paid; that it was not competent for the court below after having made the order for an injunction to set it aside at a subsequent term.
The suit instituted by Lewis was pending in the same coiu-t to recover the land. The appellant in his petition for an injunction makes reference to it as the grounds of his apprehension that tho consideration of the note sued on may fail by the success of Lewis in recovering the land, and lie prays that the suit may he suspended until the suit by Lewis is finally disposed of. And the injunction was granted according to the prayer of tho petitioner. The record shows that Lewis’ suit had been tried, and that he had failed; that he had given notice of an appeal; hut it does not appear that he had consummated the appeal by giving bond before the motion was made in this case for a dissolution of the injunction.
It is not necessary to discuss the question raised by the appellant’s counsel of the competency of the court to annul one of its own orders or judgments at a subsequent term when such judgment or order was absolute and unconditional. (See Andrews v. Merle, 4 Tex. R., 200.) Because, the order for the suspension was not, nor was it intended lo be, a final judgment upon the subject-matter. It was temporary in its character, and was not to suspend the trial of the suit instituted by Lewis. That case had been tried, and, so far as the District Court was concerned, it was a final disposition of the case, and the plaintiff had a right, by the terms of the injunction, which had performed its office, to proceed with his suit to trial. That the payment of the note *214 ■sued on was not dependent upon the covenant of the vendor to make title cannot he controverted under the decision of this court in-.
It would, nevertheless, have been within the jurisdiction of the court below, under certain circumstances, to have protected the purchaser from loss or Injury when sued for the purchase-money, if the interest in the note sued on was not in an innocent holder of the note. If there were reasonable grounds to believe that damages would be recovered against the vendee in a suit brought for the land by the holder of 'title superior to his vendor’s, that lie had incurred great expenses in improvements, the insolvency of his vendor, and his inability to respond in damages to him, would have been grounds for equitable relief by a stay of execution until the vendor had given the guarantees required by the court. If he really had good grounds he might have applied to the court after the judgment, and his application would have been ■considered, as the dissolution of' the injunction was without prejudice. If or could it have prejudiced the application, even if it had not been so expressed in the order dissolving the injunction, if new grounds for apprehension of the injury had subsequently arisen. Nor is it believed, that, under our practice, there is any objection to asking for the relief, by way of answer, when the suit is pending for the purchase-money, provided, as before stated, that the Interest is not in an innocent holder of the note sued on. But sucli a case is not presented. The appellant liad asked fora temporary injunction. He had obtained it on his own terms, and it had expired by its own terms. There was no error in the judgment of the court below and it is affirmed.
Judgment affirmed.
Mote 79. — Perry v. Rice, ante 367; Calhoun v. Thomas, 13 T., 89.