## MARY A. GOBER v. HARDIN HART.

1. In an executory contract, neither party can enforce performance by the other, without showing that he has performed his part of the contract, or is ready and able to do so.

2. In a suit by a vendor of real estate for the purchase-money thereof, he should show that he either has made the conveyance in full compliance with the terms of the sale, or is ready, willing, and able to do so, on the payment of the purchase-money.

3. It is not necessary that a purchaser of land by an executory contract should be evicted from the premises before he can resist payment of the purchase-money, provided he can show that there is a superior outstanding title that might at any time be asserted.

4. To enable a purchaser of land by an executory contract, to resist payment of the purchase-money on account of failure of title, it is not necessary for him to prove that his vendor is insolvent; nor is it necessary that he should offer to restore possession of the premises, when he does not ask a rescission of the contract.

APPEAL from Hunt. Tried below before the Hon. W. H. Andrews.

In the defense of a suit on a note for a balance of the purchase-money for a certain tract of land, the defendant in this case pleaded failure of consideration, in that the vendor had no right to convey the land and could not make a good or valid title to the same, as he had obligated himself to do; that suit had been instituted against the defendant for trespass upon the land; that, as the defendant was informed and believed, the plaintiff in that suit had a good and valid title to the land, of which title defendant had no knowledge at the time of her purchase, and that she would probably be evicted from the land; that she had paid a large portion of the purchase-money for the land, and if evicted she would suffer great loss and damage, and she prayed that further proceedings might be stayed in this suit, until the determination of the trespass suit against her.

The plaintiff excepted to this answer as follows:

*First.* The pretense of a trespass suit is no defense to the action.

*Second.* Because the defendant did not allege her vendors to be insolvent.

*Third.* Because it was not shown that the defendant was misled by any representations of the plaintiff.

*Fourth.* Because defendant did not offer to restore possession of the land to the plaintiff.

These exceptions were all sustained by the court below, and judgment was rendered in favor of the plaintiff; from which judgment defendant appealed.

*J. A. Poage,* for appellant.

*Throckmorton & Brown,* for appellee.

OGDEN, J.   In an executory contract the general rule is that neither party thereto can demand nor enforce performance by the other, unless he shows that he has performed his part of the contract, or unless he shows not only his ability but his willingness to perform his part; and therefore, when the vendor sues for the purchase-money for real estate, he should show that he has made the conveyance in full compliance with the terms of the sale, or that he is now ready and willing and able to make such conveyance on the payment of the purchase-money.   In the cause at bar the appellee brought suit on a note given in part payment for the purchase of a certain tract of land, and the defense set up is a failure of consideration, in this, that the vendor had no right to convey the land, and could make no title, as he had obligated himself to do; that suit had been instituted by Cynthia and John C. Nall, in Collin county, against the maker of the note and her vendor, for trespass upon the land pretended to have been conveyed to her, and for which the note sued on was given; that, as she is now informed and believes, the plaintiffs in that suit against her and her vendor, have a good and valid title to the land, of which she had no knowledge

at the time of her purchase, and that she will probably be evicted from the same; that, though she has paid a large proportion of the purchase-money, yet she has never received any title to the land, and that, if she should be evicted, she will suffer great loss and damage. She therefore prayed that all further proceedings might be stayed in this suit until the termination of the Nall suit against her and her vendors. To this defense exceptions were filed by the plaintiff, and were sustained by the court, and judgment was rendered for the plaintiff for the full amount of the note, from which defendant has appealed.

We think there was error in the ruling of the court in sustaining the exceptions to the defendant's amended answer, and for which error the judgment must be reversed. That the District Court has full power and authority to protect the interest of the vendee, when sued for the purchase-money for land, if a proper case is presented for the exercise of that power, has been frequently determined by this court. (Wolf v. Durst, 10 Texas, 425; Jones v. Taylor, 7 Texas, 244; Cooper v. Singleton, 19 Texas, 260; Tarpley v. Poag's administrator, 2 Texas, 148; Demaret v. Bennett, 29 Texas, 268.)

In the case of Singleton v. Cooper, the court says:—" The " general rule is, that so long as the contract remains executory, " the purchaser shall not be compelled to pay the purchase- " money and take a defective title, except the purchase has been " made at his own risk, or he has agreed to accept such a title " as the vendor can give. (5 Paige, 235.)"

That case is similar in many respects to the one at bar, and we think it settles the questions raised by the amended answer and the exceptions thereto. Nor is it necessary that the vendee should have been evicted from the premises before he can resist the payment of the purchase-money, provided he shows that there is a superior outstanding title which may at any time be asserted. (Jones v. Taylor, 7 Texas, 244.)

We do not think it necessary for a vendee in an executory contract to allege or prove that his vendor is insolvent, before he can resist the payment of the purchase-money. If the ven-

dor had no title to the land attempted to be conveyed, then the contract was without consideration, and cannot be enforced. Besides, it would be peculiarly inequitable to compel a vendee to pay a note given for the purchase of land when the vendor had no title to convey, and leave him only the uncertain chance of recovering the same money back.

In this case the appellant purchased the land and paid a large proportion of the purchase-money, and went into possession of the purchased premises; and she had a right to retain the same as against her vendors until a tender of a good and valid title; and in order to make her defense a good one she was not bound to make an offer to restore possession, as she did not seek to rescind the contract of sale, but sought to have it perfected in good faith, according to the contract of sale and purchase. She does not resist the payment of the note, but only asks that the enforcement of the payment be stayed until appellees can make her a good title; and this she had a right to ask, and it should have been granted to her.

For these reasons the judgment is reversed and the cause remanded.

                                        Reversed and remanded.