## RUPRECHT v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5790.

Circuit Court of Appeals, Fifth Circuit.

March 24, 1930.

C. S. Miller, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Randolph C. Shaw, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. S. Franklin, Sp. Atty., Bureau of Internal Revenue, 'both of Washington, D. C., for respondent.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

FOSTER, Circuit Judge.

Briefly stated, the material facts found by the Board of Tax Appeals are these: Petitioner and James H. Gardner were jointly engaged in acquiring and selling deposits of fuller's earth, dividing the profits equally. In 1921 they acquired a deposit from Thomas Boyd at the cost of $23,560.68. Title was taken in the name of petitioner, and the same year it was sold to the Standard Oil Company for $123,560.68, showing a profit of $100,-000. The oil company made a cash payment of $73,560.68, and agreed to pay the balance in yearly payments of $10,000 without interest. Gardner insisted on having all his share in cash out of the first payment, and he received about $61,500, which included a profit of $25,000, which would have gone to petitioner had the cash payment been divided according to the partnership agreement. Petitioner, however, agreed to accept the deferred payments for his share of the profits.

Petitioner did not account for any part of the profit received by the partnership in 1921, but subsequently accounted for his share as received. In 1926 the Commissioner of Internal Revenue held that petitioner should have accounted for one-half of the profit received by or accruing to the partnership in 1921 and determined a deficiency in petitioner's income tax amounting to $17,-426.25. This was based on the conclusion that the entire profit should have been accounted for in 1921. The Board of Tax Appeals held with the Commissioner as to the $25,000 cash received in 1921, but reversed him as to the balance and determined a deficiency of $7,151.65 for the year 1921.

While petitioner was undoubtedly in good faith and will suffer hardship, the law applying is plain. Section 218(a) of the Revenue Act of 1921 (42 Stat. 245), which governs, provides that each partner shall be liable for and must include in his individual return his distributive share of the partnership profits for the taxable year, whether distributed or not. That petitioner agreed to allow his partner to take all the cash profit received in 1921 does not alter his accountability. It is immaterial to petitioner whether Gardner accounted for all the profit in 1921. If one partner should absorb the entire profit received in one year, the government might well be deprived of surtaxes due by another partner, if his distributive share were added to his individual income. To permit partners to distribute the profits otherwise than according to the partnership agreement, and thus escape their liability imposed by law, would disrupt the scheme of taxation adopted by Congress.

Affirmed.