### BOURNE v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 3368.

Circuit Court of Appeals, Fourth Circuit.

Jan. 10, 1933.

M. John DuBose, of Asheville, N. C. (Louis M. Bourne, of Asheville, N. C., on the brief), for petitioner.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. Arthur Adams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals. The decision of the board is reported in 23 B. T. A. 1287, and involves federal income tax for the year 1926 in the amount of $980.58.

The petitioner is a lawyer practicing in the state of North Carolina and kept his personal books on the cash receipts and disbursements basis. In the year in question he was ill in a Baltimore hospital for an extended period and claimed as a deduction from his income medical and hospital expenses incurred during his illness.

During the year 1926, petitioner was the head of a law firm that had a net income for that year of $24,023.34. Of this amount the petitioner actually collected and kept $5,234.85. The partnership agreement provided for an equal division of profits but petitioner allowed his partners to retain a part of his share. There is no contention that the partners were not responsible to petitioner for the remainder of his share of the profits, nor is it contended that the partners were not solvent.

During the month of November, 1925, petitioner received the sum of $5,000 as an advance payment or "earnest money" in connection with the sale of a tract of land. The title to the land was not passed upon or the deed delivered until January 19, 1926, when

ᵗᵗᵗᵗ

an additional $20,000 was paid on the purchase price of the land. Petitioner contends that this payment of $5,000 should not be included in his income for the year 1926, when the sale was closed, but should be charged in the year 1925 when received.

It is also contended that the board erred in fixing the value, as of March 1, 1913, of the tract of land sold and that the profits from the sale were thereby placed too high.

■ With respect to petitioner's claim for deduction for medical and hospital expenses due to his illness, we think that the decision of the board that such expenses were not a proper deduction is correct.

Section 215 (a) of the Revenue Act of 1926, 26 USCA § 956 (a) (1), provides that:

"(a) In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses. * * * *"

The expenses in question were personal and not a proper deduction.

■ The law partnership of which petitioner was the head collected for the year in question the net sum of $24,023.34 of which the petitioner was entitled to $8,007.78. Section 218 (a) of the Revenue Act of 1926, 26 USCA § 959 (a), provides as follows: "(a) Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partner's net income is computed."

This statute has been construed by the courts, and it has uniformly been held that a partner must report his distributive share whether received or not. Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665; Harris v. Commissioner (C. C. A.) 39 F.(2d) 546; Ruprecht v. Commissioner (C. C. A.) 39 F.(2d) 458; Earle v. Commissioner (C. C. A.) 39 F.(2d) 965; Larsen v. Burnet, 60 App. D. C. 158, 50 F.(2d) 308.

The partnership agreement gave the petitioner one-third of the net income and he is properly chargeable with that amount.

■ As to the advance payment of $5,000 made the latter part of the year 1925, we are again of the opinion that the conclusion of the board is correct. As was pointed out by Judge Glenn, in American Land & Investment Co. v. Commissioner (C. C. A.) 40 F. (2d) 336, the question of whether the payment was to be income or not could not be determined until the sale was completed. This was also the holding by the Supreme Court in the case of Lucas, Commissioner v. North Texas Lumber Co., 281 U. S. 11, 50 S. Ct. 184, 74 L. Ed. 668, where Mr. Justice Butler said:

"An executory contract of sale was created by the option and notice, December 30, 1916. In the notice the purchaser declared itself ready to close the transaction and pay the purchase price 'as soon as the papers were prepared.' Respondent did not prepare the papers necessary to effect the transfer or make tender of title or possession or demand the purchase price in 1916. The title and right of possession remained in it until the transaction was closed. Consequently unconditional liability of vendee for the purchase price was not created in that year. Gober v. Hart, 36 Tex. 139. Cf. United States v. Anderson, 269 U. S. 422, 441, 46 S. Ct. 131, 70 L. Ed. 347. American National Co. v. United States, 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946. The entry of the purchase price in respondent's accounts as income in that year was not warranted. Respondent was not entitled to make return or have the tax computed on that basis, as clearly it did not reflect 1916 income."

■ The board fixed the fair market value of the land in question (an 88-acre tract) at $100 per acre, or $8,800 as of March 1, 1913. This is a finding of fact by the board that is binding upon us unless unsupported by evidence. Phillips et al. v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; Burnet, Commissioner v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665; Atlantic Bank & Trust Co. v. Commissioner (C. C. A.) 59 F. (2d) 363.

We are of the opinion that the finding was right. The petitioner purchased the land on February 14, 1913, for $5,000, and, while there was evidence that in addition to the cash paid the petitioner's account for legal services was a part of the purchase price, yet those services were fixed by the petitioner himself at between one and five thousand dollars.

■ The board in determining value of property for income tax purposes is not bound by

opinion of experts, and this court has no power to review such a finding unless unsupported by evidence.

Anchor Co. v. Commissioner (C. C. A.) 42 F.(2d) 99.

The value placed on the land was in our opinion, a fair one.

Affirmed.