## PANTAGES THEATRE CO. v. WELCH.
### No. 7261.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1934.

Joseph D. Brady and George Bouchard, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Alva C. Baird, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

On the 17th day of August, 1929, an information was filed in the superior court of Los Angeles county charging Alexander Pantages with the crime of rape. After an extended trial he was found guilty. Upon appeal, the judgment of conviction was reversed and on retrial he was acquitted. Alexander Pantages was the president and founder, as well as the managing head, of the Pantages Theatre Company, a corporation, the entire stock of which was owned by Pantages, his wife Lois and son Rodney. This corporation operated theaters in about sixteen cities in the United States and Canada. In carrying out his duties as president of said corporation Alexander Pantages interviewed artists seeking employment. After such an interview with one Eunice Pringle had on August 9, 1929, she charged Pantages with having committed the crime for which he was tried. Following conviction bail was denied Pantages, although his attorneys made several applications therefor to the superior court; later upon application to the Supreme Court of the State of California he was admitted to bail.

Appellant's board of directors having decided to assume the obligation for the defense of said Alexander Pantages, in doing so expended the sum of $252,095.37 during the taxable year ending June 30, 1930.

For the fiscal year July 1, 1929, to June 30, 1930, plaintiff corporation paid income tax of $28,779.46. Subsequently the Commissioner, after audit, refunded $6,948.40 upon the correction of net income, which was the sum of $189,835.29.

On September 9, 1932, plaintiff filed with the defendant collector a claim for refund of the sum of $21,831.06, the balance of the tax paid, upon the ground that the expenses of the defense of Alexander Pantages, which amounted to the sum of $252,095.37, was assumed and paid by the appellant, and said sum should be allowed as a deduction, which would completely wipe out the previously determined net income and the taxpayer would be entitled to a refund of the entire amount of the tax paid. The Commissioner of Internal Revenue rejected this claim.

Complaint setting forth the above facts was filed against the collector of internal revenue. Demurrer thereto was sustained and judgment of dismissal entered. This action of the District Court is assigned as error.

The statute under which the deduction is claimed is set forth in the margin.[1]

The crime with which Mr. Pantages was charged was purely personal—it could not possibly have been committed by or for the corporation. The accusation against the defendant involved nothing done to advance the business of the corporation—the act charged to have been committed was wholly outside of his duties.

While the criminal prosecution affected Alexander Pantages directly it affected the corporation only indirectly, that is, the corporation was injured by being deprived of the services of one of its officers who was charged with crime. The corporation was not injured by Pantages' confinement, but by the deprivation of services. The corporation was not charged with crime; the amounts were not expended in its defense.

■ The expenses assumed by the corporation in defense of its president were not ordinary and necessary expenses of the corporation, but were voluntarily paid and do not, therefore, come within the statute, Blackwell Oil & Gas Co. v. Comm'r 60 F.(2d) 257, 258 (C. C. A. 10), and in order to be deductible, a statutory ground must be shown.

The case of Rickard v. Comm'r, 12 B. T. A. 836, involved a claimed deduction for attorney's fees paid in defense of a criminal suit. The taxpayer was manager of the Madison Square Garden and had under his personal supervision the swimming pool. He was charged with a criminal offense against a patron of this pool, tried and acquitted. The Board of Tax Appeals held the expenses not deductible as ordinary and necessary business expenses, citing Appeal of Backer, 1 B. T. A. 214; Appeal of John Stephens, 2 B. T. A. 724. In the Rickard Case and the Stephens Case the taxpayers were acquitted, while in the Backer Case there was a dis-

agreement of the jury. See, also, Appeal of Forty-Four Cigar Co., 2 B. T. A. 1156.

In each of these cases decided by the Board it was apparent that the crime charged was not connected with the business of the taxpayer—not in aid or furtherance of it.

However, in Commissioner of Internal Revenue v. People's-Pittsburgh Trust Co. et al. (as executors of the estate of Herbert Du Puy, deceased, the taxpayer) 60 F.(2d) 187, 189 (C. C. A. 3), it was held that expenses paid by the taxpayer in defending himself of the charge of wilfully making a false income tax return for his employer, the Crucible Steel Company, and swearing thereto, were deductible in his own income tax return as ordinary and necessary business expenses, the court saying: " * * * The taxpayer's business consisted in the performance of the duties devolving upon him as the executive head of the Crucible Steel Company. * * * Though he was acting for the steel company and was doing only that which he was required to do, as its official, in the preparation and signing of the tax returns, he was, nevertheless, conducting his own business. When, therefore, he was faced with criminal charges, and was compelled to pay out large sums of money for attorney's fees and other expenses of the trial, he paid what was necessarily incurred by reason of carrying on his own business, viz., that of acting as chief executive officer of the steel company."

Further, the court said: " * * * The expenses incurred and paid out by him were, in our view, made necessary because a criminal quality was attributed to acts which were performed by the taxpayer in carrying on his trade or business. * * *"

Compare Bourne v. Comm'r, 62 F.(2d) 648 (C. C. A. 4), where it was held that medical and hospital expenses were personal expenses and hence, not deductible.

The Supreme Court in Kornhauser v. U. S., 276 U. S. 145, 152, 48 S. Ct. 219, 220, 72 L. Ed. 505, held that the expense of defending a suit brought by an ex-partner for divi-

---

[1] Section 23 of the Revenue Act of 1928 (26 USCA § 2023) provides:

Sec. 23. "In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * *

"(f) Losses by Corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise."

Sec. 24 (26 USCA § 2024): "Items not Deductible

"(a) In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses; * * *"

sion of certain profits "* * * was an 'ordinary and necessary' expense, since a suit ordinarily and, as a general thing at least, necessarily requires the employment of counsel and payment of his charges. * * *"

In ruling upon the demurrer, adversely to appellant, the District Court cited the case of Lloyd v. Comm'r, 55 F.(2d) 842, 844 (C. C. A. 7), where the court held that a suit prosecuted by the taxpayer for damages for slander was purely personal and was not, in its nature, an ordinary and necessary business expense. That court went on to say: "* * * Any damages recovered for such injury is recovered by the individual. Applying this rule to the instant case, the injuries were suffered by the petitioner (individual), and had he collected the amount of the judgment, such sum would have been his own private property and would have had no connection whatsoever with his business. The E. E. Lloyd Paper Company neither profited nor lost by the suit. * * *"

Appellant seeks to distinguish this case from the one at bar upon the ground that the Lloyd Case was *prosecuted* by the taxpayer, while Pantages was the defendant. Such a distinction is of no importance, but, be that as it may, this court is not bound nor limited by reasons or citations of the lower court.

Appellant strongly relies upon Citron-Byer Co. v. Com'r, 21 B. T. A. 308, as supporting its contentions; but there the taxpayer was itself the defendant in the criminal action and the attorneys' fees were expended in its own behalf. For the same reason the case of Comm'r v. Continental Screen Co. (C. C. A.) 58 F.(2d) 625, is not in point.

In the case of Corning Glass Works v. Lucas, 59 App. D. C. 168, 37 F.(2d) 798, 68 A. L. R. 736, cited by appellant, plaintiff sought to deduct the sum of $25,000, contributed by it to the town hospital, as an ordinary and necessary expense. It appeared that two-thirds of the town's population were directly or indirectly dependent upon the company; that the facilities furnished by the company's resident physician were not adequate; that it was necessary to either build a hospital for its employees (numbering 2,167), which would have been very expensive, or make contribution to the Corning Hospital. A corporation engaged in such a business and employing so many workers would be required to take measures to safeguard its employees. The court there held that the corporation followed the most feasible method of safeguarding its employees and allowed the deduction. Old Mission Portland Cement Co. v. Comm'r, 69 F.(2d) 676 (C. C. A. 9, decided March 12, 1934), is analogous to the Corning Glass Works Case.

Welch v. Helvering, 290 U. S. 111, 54 S. Ct. 8, 78 L. Ed. 212, affirming (C. C. A.) 63 F.(2d) 976, involved claimed deductions by taxpayer of sums voluntarily paid to re-establish his credit. Welch had been an officer in a corporation, engaged in the grain business, discharged of its debts in bankruptcy. Welch secured a profitable contract in the same line of business and seeking to build up his standing and increase good will began paying the debts of the bankrupt corporation. His payments over a period of four years amounted to a considerable sum. The Supreme Court held these payments, instead of being ordinary, to be in a high degree extraordinary and upheld the Commissioner's ruling refusing to permit the deduction. For a similar case, with a like ruling, see White v. Comm'r, 61 F.(2d) 726 (C. C. A. 9).

Deduction of the amount paid as attorneys' fees by the corporation for defense of its officer is sought to be justified upon another ground, namely, that of salary. It is asserted that even though we may hold that the payment of the attorneys' fees may not be deducted as such, we are bound to hold that the amount in question is an ordinary and necessary expense because the amount may have been additional compensation. In the instant case there was no showing as to what the salary of Mr. Pantages was; whether large or small; nor that at any time it had even been decided that he was underpaid. There is no showing that his services justified any such extraordinary addition to salary; and the record would indicate that the corporation could not afford the additional drain.

Appellant also cites the Lucas v. Ox Fibre Brush Co. Case, 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733, where a deduction for extra compensation for past services paid to officers of the corporation was permitted. This case turned upon the question of whether the deduction could have been made in a certain year and the Supreme Court held that the year of the payment was the proper year to take the deduction. Incidentally, however, the money was paid the officers as extra compensation and the resolution authorizing such payment so stated. Further, the salaries of the officers were set out, which was not done in the instant case.

Lastly, we come to the question raised on oral argument, whether paragraph XV of the complaint, which reads: "The aforesaid sum

of $252,095.37 constituted an ordinary expense incurred and paid during the taxable year in carrying on the business of the plaintiff," was an ultimate fact and admitted by the demurrer, or only a conclusion of the pleader. In view of the nature and purpose of the action it is apparent that this allegation is the statement of a mere conclusion not admitted by the demurrer. Rasmusson v. Eddy's Steam Bakery (C. C. A.) 57 F.(2d) 27.

Judgment affirmed.