**Leola Johnson BELL and David Arthur Bell, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15113.**

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1955.

Robert L. Collings, Lake Charles, La. (Anderson & Collings, Lake Charles, La., of counsel), for petitioners.

Karl Schmeidler, Ellis N. Slack, Lee A. Jackson, Carolyn R. Just, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Daniel A. Taylor, Ch. Counsel, Int. Rev. Serv., John M. Morawski, Sp. Atty., Washington, D. C., for respondent.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

The question presented on this petition for review is as to the correctness of the decision of the Tax Court that taxpayers, husband and wife, who filed separate returns under the community property system in Louisiana, failed to report partnership income to which the husband became entitled during the year 1947. Taxpayers were residents of Louisiana and jurisdiction is conferred on the court to entertain this petition for review by the provisions of Section 1141 (a) of the Internal Revenue Code, as amended by Section 36 of the Act of June 25, 1948, 26 U.S.C.A. § 1141(a). The findings of fact and memorandum opinion of the Tax Court are not officially reported.

A partnership information return for 1947, filed by taxpayer Bell's former partner, Morgan, after dissolution of the partnership, reported $57,194.64 as income received from completed contracts, with one-half reported as Bell's distributive share. Bell had reported as partnership income for that year only $7,-415, which is the amount he claims he actually received from the partnership. The taxpayers' principal complaint is that the terms of the oral partnership contract fixing the rights of the parties as to withdrawals and even as to the percentage of interest, were vague and indefinite, and that when he found his partner would not permit him to withdraw sums equal to the partner's withdrawals, he had to choose whether to litigate or to dissolve the partnership. Having decided to dissolve the partnership and receive $10,000 cash and a $10,000 note, he reported only the amount actually realized by him in 1947 as his income from the partnership.

Based on the testimony of the taxpayer, which was vague and confused, he certainly appears to have fared poorly at the hands of his partner; unfortunately for him, however, in a de-

termination of his tax liability, he does not show any incorrectness in the Commissioner's finding that he was liable for one-half of the partnership income for 1947. Neither does he dispute the correctness of the amount of this income. He said, in response to a question by the Court, that his interest in the partnership "was supposed to be 50%." The fact that he did not actually receive his full share of the partnership income does not relieve him from the necessity of reporting it as income to him.[1]

The Tax Court was clearly right in its decision, and the decision is therefore

Affirmed.

1. Ruprecht v. Commissioner of Internal Revenue, 2 Cir., 39 F.2d 458; Bourne v. Commissioner of Internal Revenue, 4 Cir., 62 F.2d 648, certiorari denied 290 U.S. 650, 54 S.Ct. 67, 78 L.Ed. 564.