OPINION. Pierce, Judge: 1. The first issue involves a dispute between Na-deau’s executors and Klein as to the determination of the distributive shares of the partners in the ordinary net income or ordinary net loss of the Glider Blade Company. There is no controversy as to the amounts of such partnership net income or net loss for any of the periods involved; and also no dispute as to the amounts of the partnership’s gross sales for these periods, which are here a factor hi the determination of the distributive shares. Moreover, there appears to be no dispute that the amended partnership agreement specifically provided how the distributive shares of the partners should be determined ; and no dispute that said amended partnership agreement was in effect during all periods here involved. Comisel for both petitioners, in their petitions and briefs to this Court, have relied on the amended partnership agreement. Also, Klein, in the complaint which he prepared for filing in the State court, relied on such amended agreement to support his claim that he should have been paid the 5 per cent of partnership sales, in addition to 25 per cent of the remaining partnership net income. And, under the settlement which eliminated the filing of such complaint, Klein actually received, in cash and by release from liability for excess withdrawals, allowances equal to the full amounts which he had claimed to be due him under the terms of the amended partnership agreement. The crux of the controversy between Nadeau’s executors and Klein is, rather, as to the time when the allowances to Klein for 5 per cent of the partnership’s sales should be included in his gross income for income tax purposes. Klein’s position is that he actually did not receive these allowances until after the 1947 settlement with Nadeau; and that by reason of such fact, he should not have to include them in his gross income prior to their actual receipt. Nadeau’s executors contend, on the other hand, that irrespective of the dispute and settlement between the partners, each partner must include in his individual gross income for each of his taxable years, his distributive share of the partnership ordinary net income or net loss for any taxable period of the partnership which ended within the taxable year of the partner. It is our opinion that Klein’s position is without merit, and that the position of Nadeau’s executors is the correct one. The pertinent provisions of the Internal Revenue Code (1939) are as follows: SEO. 181. PARTNERSHIP NOT TAXABLE. Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. SEC. 182. TAX ON PARTNERS. In computing the net income of each partner, he shall include, whether or not distribution is made to him— ******* (c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, * * * SEC. 188. DIFFERENT TAXABLE YEARS OF PARTNER AND PARTNERSHIP. If the taxable year of a partner is different from that of the partnership, the inclusions with respect to the net income of the partnership, in computing the net income of the partner for his taxable year, shall be based upon the net income of the partnership for any taxable year of the partnership * *. * ending within or with the taxable year of the partner. The foregoing provisions of the statute are specific and free from ambiguity. The distributive share of each partner mentioned in said statute is to be determined in accordance with the provisions of the partnership agreement. Schwerin v. Commissioner, (C. A., D. C.) 139 F. 2d 843, affirming a Memorandum Opinion of this Court;- Hellman v. United States, (Ct. Cl.) 44 F. 2d 83. Also, as provided by the statute, these distributive shares are taxable to the partners, whether or not actual distribution is made to them; and the fact that distribution may have been delayed because of a dispute between the partners is immaterial for income tax purposes. Kurt H. deCousser, 16 T. C. 65; Bell v. Commissioner, (C. A. 5) 219 F. 2d 442, affirming a Memorandum Opinion of this Court. In the instant case the allowance to Klein of the 5 per cent of the partnership gross sales was a factor in determining his distributive share; and, even if such allowance be considered compensation from the partnership to the partner for personal services, it is to be regarded for income tax purposes as part of the partner’s distributive share. Cf. Estate of S. U. Tilton, 8 B. T. A. 914. We hold, therefore, on the first issue, that the undisputed ordinary net income of the Glider partnership for its fiscal period ended February 28, 1946, is includible by the partners in their respective gross incomes for their 1946 taxable years; that the ordinary net income and ordinary net loss of the partnership for its taxable periods ended February 28, 1947, and August 31, 1947, respectively, should be reflected in the incomes of the partners for their 1947 taxable years; and that the amounts of the distributive shares of Klein and Nadeau in such net income or net loss of the partnership for each of its taxable periods involved, should be determined in accordance with the provisions of the amended partnership agreement. 2. As regards the second issue, the general rule is that a partner may not deduct partnership expenses on his individual return. Hiram C. Wilson, 17 B. T. A. 976; Western Construction Co., 14 T. C. 453, 471. There is, however, an exception to this rule to the effect that where, under a partnership agreement, a partner has been required to pay certain partnership expense out of his own funds, he is entitled to deduct the amount thereof from his individual gross income. Siarto v. Commissioner, (C. A. 6) 171 F. 2d 203, affirming a Memorandum Opinion of this Court; O. D. 1122, 5 C. B. 121; O. D. 947, 4 C. B. 137; A. R. R. 551, 4 C. B. 215. Cf. J. C. Nichols, 42 B. T. A. 618. In the instant case, the evidence does not disclose the exact terms of the amended partnership agreement; but Klein testified, in substance and without contradiction, that in making payment of the unreim-bursed travel and entertainment expenses, he had followed a partnership practice which had become “routine”; and that such practice arose through his acquiescence in Nadeau’s position that Klein must bear such partnership expenses, by reason of the additional allowance for 5 per cent of sales being made to him under the amended partnership agreement. It is our opinion that such arrangement was tantamount to an agreement between the partners that Klein should bear the above-mentioned unreimbursed expenses out of his personal funds. We hold, therefore, that Klein is entitled to deduct such expenses from his individual gross income, to the extent that they actually were paid by him and were ordinary and necessary expenses of the partnership. As to the amounts so to be allowed as deductions, the evidence adduced by Klein in support of his claims is indefinite and unsatisfactory. It consists principally of general descriptions of his activities, and of unsupported estimates as to the amounts paid. His testimony, which is the only evidence offered with respect to his claims, reveals no specific trip made, no particular customer entertained, and no description of the entertainment on any particular occasion. We have observed, also, that the amounts reimbursed to Klein for travel and entertainment expense were substantial; and we have grave doubts as to whether all the claimed unreimbursed amounts represented ordinary and necessary expenses of the partnership, as distinguished from Klein’s personal expenses. Nevertheless, we are convinced that Klein did pay some additional amounts for travel and entertainment on behalf of the partnership for which he was not reimbursed. Therefore, applying the doctrine of Cohan v. Commissioner, (C. A. 2) 39 F. 2d 540, we hold that Klein should be allowed deductions for unre-imbursed travel expenses in amounts equal to 50 per cent of those claimed for such items on his income tax returns; and that, in addition, he should be allowed deductions for unreimbursed entertainment expenses in amounts equal to 33y3 per cent of those claimed for such items on his returns. Decisions will be entered wader Bule 50,