HARRY S. STONEHILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stonehill v. Commissioner
Docket No. 31223-85.
United States Tax Court
T.C. Memo 1987-405; 1987 Tax Ct. Memo LEXIS 402; 54 T.C.M. (CCH) 147; T.C.M. (RIA) 87405; August 18, 1987. Bert B. Rand, John C. Rand and Thomas Nathan, for the petitioner. Warren P. Simonsen and J. Darrel Knudtson, for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1980 in the amount of $ 4,533. All of the issues raised by the pleadings have been disposed of by agreement of the parties, except whether petitioner is required to include in income $ 30,403, his distributive share of ordinary income from a partnership, which by agreement between the parties was paid directly into a bank account over which he had no signature authority. All of *404 the facts have been stipulated and are found accordingly. Petitioner, Harry S. Stonehill, an individual whose residence at all times relevant to this case was located outside of the United States and its possessions, filed a Federal income tax return for the calendar year 1980 in September 1981. For the tax year ended December 31, 1980, petitioner was entitled to receive $ 30,403 as his distributive share of ordinary income from a partnership, Haromu Properties (the partnership). An action to foreclose income tax liens was brought against petitioner in the United States District Court for the Central District of California, Case No. 43244. A decision was entered in favor of the Government. United States v. Stonehill,420 F. Supp. 46 (C.D. Cal. 1976), affd. in part, revd. in part and remanded 702 F.2d 1288 (9th Cir. 1983). In connection with the litigation, petitioner agreed that assets consisting of his interest in the partnership would be paid into an account to be established in the National Savings & Trust Co. ("National Savings") in the joint names of Director of International Operations, Internal Revenue Service and Trammell, Rand, Nathan *405 & Lincoln, P.C. as Trustees for Haromu Properties. A stipulation to this effect was filed in the District Court. The account was to be disbursed at the conclusion of the litigation. In 1980 the $ 30,403 was paid on behalf of the partnership to the joint bank account established at National Savings. The $ 30,403 has at all times been in the bank account under the joint control of the Director of International Operations and the law firm of Trammell, Rand, Nathan & Lincoln. Petitioner did not include the $ 30,403 in his taxable income for 1980 or for any other year. In his notice of deficiency respondent increased petitioner's income for 1980 as reported by the $ 30,403 representing his distributive share of the partnership income. It is petitioner's contention that the funds in the trust account representing his distributive share of income of the partnership were neither actually nor constructively received by him and were not used in the year here in issue to pay his tax liability so as to produce an economic benefit to him. He contends that for this reason the amount is not includable in his taxable income. Petitioner cites a number of cases dealing with constructive *406 receipt of income but relies primarily on a Memorandum Opinion of this Court, Stone v. Commissioner,T.C. Memo. 1984-187, which he contends is indistinguishable from the instant case. In the Stone case we held that the taxpayers had no actual or constructive receipt of interest income and therefore no liability on that income where revenue officers, after serving notices of levy, caused the taxpayers' interest income to be withheld from them. In the Stone case, the taxpayers had been sued by the United States for alleged violations of the False Claims Act (March 2, 1863, ch. 67, 12 Stat. 696, 31 U.S.C. secs. 231-235) and the Anti-Kickback Act (March 8, 1946, ch. 80, 60 Stat. 37, 41 U.S.C. secs. 51-54). The taxpayers voluntarily entered into an escrow arrangement with the United States and a trust company depositing some $ 2.5 million in stocks, bonds and Treasury bills in order to ensure payment of any judgment that might be forthcoming against them. Pursuant to the escrow arrangement, the Trust company agreed to hold the securities, invest the proceeds and pay over dividends and interest received to the taxpayers' *407 account. Subsequent to entering into the escrow arrangement, the Internal Revenue Service made jeopardy assessments against the taxpayers for five prior years. Pursuant to Notices of Levy the trust company withheld payment of interest to the taxpayers. We held that the taxpayers were not subject to tax on the interest income earned on the escrowed securities, finding that there was no constructive receipt of that interest, since the taxpayers' control of the income was subject to substantial limitations or restrictions as described in section 1.451-2(a), Income Tax Regs.
Petitioner's reliance on the Stone case is unjustified. This case does not involve a question of constructive receipt of income or a question of economic benefit. This case involves the taxability of partnership income. The provisions of subchapter K govern the taxation of income earned by a partnership. Although partnership income is computed, section 701[1] provides that the partners are liable in their individual capacities for the tax on their distributive share of the partnership *408 income. Section 704(a) states that the partners' distributive shares will generally be determined by the partnership agreement. Section 702(c) requires a partner to include in his taxable income his distributive share of the gross income of the partnership. Section 706(a) requires that a partner's distributive share of the income, gain, loss, deduction, or credit of the partnership be included in his taxable income for the taxable year of the partnership ending within or with the partner's taxable year. Section 1.702-1(a), Income Tax Regs., requires the partner to "take into account separately in his return his distributive share, whether or not distributed, * * *." (Emphasis supplied). Respondent's contention is that petitioner's receipt of his distributive share of the partnership income is irrelevant for tax purposes. We agree with respondent. In United States v. Basye,410 U.S. 441, 448-449 (1973), *409 the Supreme Court specifically stated that "parties are taxable on their distributive or proportionate share of current partnership income irrespective of whether that income is is actually distributed to them." In the Basye case, a medical limited partnership, Permanente Medical Group (Permanente) entered into an agreement with Kaiser Foundation Health Plan, Inc. (Kaiser) to supply medical services to Kaiser's members in its northern California region. Kaiser agreed to make payment to Permanente of "base compensation" encompassing a fixed amount per program member times a stated monthly fee and by payment of contributions to a retirement benefits trust fund (trust fund) for Permanente partner- and nonpartner-physicians. Permanente did not report the payments to the trust fund as partnership income in the computation of their distributive share of the partnership income. The Commissioner concluded that the Kaiser payments to the trust fund were compensation to Permanente and, therefore, income to the partnership and as such, part of the distributive income of the partnership which the *410 partners were required to include in their taxable income. The Supreme Court held that each partner-physician was taxable on his distributive share of the partnership income, which included the trust fund contributions. The Supreme Court discussed the fact that because of provisions of the trust fund agreement some of the partners would never actually benefit from the payment by Kaiser to the trust fund, but stated -- Since the retirement fund payments should have been reported as income to the partnership, along with other income received from Kaiser, the individual partners should have included their shares of that income in their individual returns. 26 U.S.C. sec. 61(a)(13), 702, 704. For it is axiomatic that each partner must pay taxes on his distributive share of the partnership's income without regard to whether that amount is actually distributed to him. Heiner v. Mellon,304 U.S. 271 (1938), decided under a predecessor to the current partnership provisions of the Code, articulates the salient proposition. After concluding that "distributive" *411 share means the "proportionate" share as determined by the partnership agreement, id., at 280, the Court stated: "The tax is thus imposed upon the partner's proportionate share of the net income of the partnership, and the fact that it may not be currently distributable, whether by agreement of the parties or by operation of law, is not material." [Fn. ref. omitted. United States v. Basye, supra, at 453-454.] Petitioner in the instant case, as the taxpayers in the Basye case, is attempting to disclaim tax liability on the basis that he had no right to receive the income. Petitioner is liable here because the partnership statutes so mandate -- Few principles of partnership taxation are more firmly established than that no matter the reason for nondistribution each partner must pay taxes on his distributive share. Treas. Reg. sec. 1.702-1 * * *. United States v. Basye, supra, at 453. In Basye, the Supreme Court further stated: It is true that no partner knew with certainty exactly how much he *412 would ultimately receive or whether he would in fact be entitled to receive anything. But the existence of conditions upon the actual receipt by a partner of income fully earned by the partnership is irrelevant in determining the amount of tax due from him. [410 U.S. at 455.] We find this statement dispositive in this case. Petitioner did not know exactly how much of the distributive share he would ultimately receive, if any, although here it appears that the entire amount would ultimately be used to pay his obligations if anot actually received by him. However, the existence of conditions upon a partner's actual receipt--or upon his constructive receipt--is irrelevant in determining the amount of tax due from him -- The partnership had received as income a definite sum which was not subject to diminution or forfeiture. * * * The sole operative consideration is that the income had been received by the partnership, not what disposition might have been effected once the funds *413 were received. [Fn. ref. omitted. United States v. Basye, supra at 456.] These principles, in and of themselves, dictate the result herein. Petitioner was entitled to his distributive share. Petitioner, for a variety of reasons, arranged for his distributed share to be placed into the trust account for payment of his tax debt or other obligations. That, however, is irrelevant to our determination--petitioner is liable for the tax on his distributive share regardless of the receipt of the income. [2]
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise stated to the contrary all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. See also Klein v. Commissioner,25 T.C. 1045 (1956); Bell v. Commissioner,219 F.2d 442↩ (5th Cir. 1955), affg. a Memorandum Opinion of this Court.