DANNY AND BARBARA CURTIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ELIJAH GREEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Curtis v. Commissioner
Docket Nos. 21635-92, 21636-92
United States Tax Court
T.C. Memo 1995-344; 1995 Tax Ct. Memo LEXIS 337; 70 T.C.M. (CCH) 205; July 26, 1995, Filed *337 Decisions will be entered under Rule 155. For petitioners: R. Paul Sorenson. For respondent: Paul K. Voelker. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In these consolidated cases, respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Danny and Barbara Curtis Docket No. 21635-92
Additions to Tax, I.R.C. Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6661
6662(a)
1988
$ 75,055
$ 18,595
$ 3,989
$ 18,764
--  1989
48,947
15,047
--  --  $ 9,789
Elijah Green
Docket No. 21636-92  Additions to Tax, I.R.C.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6662(a)
1988
$ 76,801
$ 19,200
$ 3,840
--  1989
48,566
--  --  $ 9,713
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue presented is whether stipulated net income increases for a partnership known as New Town Tavern are allocable 100 percent to Elijah Green (Green), as contended by petitioners, *338 or 50 percent to Danny Curtis (Curtis) and 50 percent to Green, as contended by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Las Vegas, Nevada, at the time that their respective petitions were filed. During 1988 and 1989, Curtis and Green were partners in a partnership called Green & Curtis DBA New Town Tavern. U.S. Partnership Return of Income (Forms 1065) for 1988 and 1989 were filed on August 17, 1989, and April 17, 1990, respectively. Attached to each return were Schedules K-1, which reflected that each partner's share of partnership profits or losses was 50 percent. Green did not file an income tax return for 1988. He filed an income tax return for 1989 on which he reported 50 percent of the income reported on the partnership return for 1989. Curtis and his wife, petitioner Barbara Curtis, filed a joint Federal income tax return for 1988. Curtis filed a separate tax return for 1989. On each return, Curtis reported a 50-percent distributive share from the partnership. Respondent determined that the partnership had unreported income of $ 507,715 in 1988 *339 and $ 284,962 in 1989 and allocated the unreported income 50 percent to each partner. The petitions alleged only that the increases in partnership income were erroneous. Thereafter, the parties agreed that the net income of the partnership for the years 1988 and 1989 was $ 259,845 and $ 207,825, respectively. Petitioners then agreed between themselves that the increased income should be taxed to Green. OPINION Petitioners disavow any intention to repudiate the division of previously reported partnership income according to a 50-50 split. They seek instead to hold respondent to an agreement among themselves that the unreported income should be 100 percent allocated to Green, because that income results from Green's failure to keep adequate books and records accounting for expenditures allegedly offsetting the unreported income. According to petitioners: "The partners resolved their differences by agreement in that Mr. Green would be responsible for reporting that income as it resulted from his negligence." Petitioners may resolve differences between them as they wish. These cases, however, involve their tax obligations. As stated by the Court of Appeals for the Ninth Circuit in *340 Maletis v. United States, 200 F.2d 97, 98 (9th Cir. 1952), a taxpayer may not commence doing business as a partnership "and, if everything goes well, realize the income tax advantages therefrom; but if things do not turn out so well, * * * turn around and disclaim the business form he created". See also McManus v. Commissioner, 583 F.2d 443, 447 (9th Cir. 1978), affg. 65 T.C. 197 (1975). Petitioners, like other taxpayers, lack the privilege of retroactively allocating between themselves tax obligations owed to the United States. See, e.g., United States v. Little, 753 F.2d 1420, 1430 (9th Cir. 1984); Moore v. Commissioner, 70 T.C. 1024, 1032 (1978); Jacobellis v. Commissioner, T.C. Memo. 1988-315; Johnston v. Commissioner, T.C. Memo. 1984-374; cf. Pesch v. Commissioner, 78 T.C. 100, 128-129 (1982). In United States v. Basye, 410 U.S. 441, 453-454 (1973), the Supreme Court stated: it is axiomatic that each *341 partner must pay taxes on his distributive share of the partnership's income without regard to whether that amount is actually distributed to him. * * * Few principles of partnership taxation are more firmly established than that no matter the reason for nondistribution each partner must pay taxes on his distributive share. [Citations omitted.]
A partner's distributive share of income is determined by the partnership agreement as it exists at the time for the filing of the return for the year in issue. Secs. 704(a), 761(c); see Klein v. Commissioner, 25 T.C. 1045, 1051 (1956). Petitioners' position is based on an arrangement occurring after the petitions in these cases were filed and after the tax consequences of their partnership agreement became known. Such retrospective manipulations simply do not control the outcome here. Each must be taxed on one-half of the partnership income in accordance with the agreement in effect on the dates the returns were due. The agreement, as reported on the returns, was equal division of profits. Petitioners have not challenged any of the other adjustments in the statutory notices. To take account of the stipulation *342 as to the amount of unreported income from the partnership, Decisions will be entered under Rule 155.