T.C. Summary Opinion 2004-55


UNITED STATES TAX COURT


MICHAEL T. HINES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16172-02S.          Filed May 12, 2004.


Michael T. Hines, pro se.

<u>Ron S. Chun</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $9,500 in petitioner's 2000 Federal income tax and an accuracy-related penalty of $1,897. After concessions by petitioner of many items of unreported income, this Court must decide: (1) Whether petitioner may deduct unreimbursed partnership expenses which were not claimed on his individual income tax return, and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Glendale, California, at the time he filed his petition.

Because petitioner has not complied with the substantiation requirements of section 7491(a)(2), the burden of proof as to facts relevant to the deficiency remains on petitioner. Rule 142(a). Petitioner also has the burden of proof as to liability for the penalty, although respondent has the initial burden of production with respect to its applicability. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

During taxable year 2000, petitioner was a general partner in the partnership Hines & Hunt Entertainment (Hines & Hunt). Hines & Hunt was in the business of entertainment management. Petitioner was a personal manager and represented actors and actresses.

For taxable year 2000, Hines & Hunt filed a Form 1065, U.S.

Return of Partnership Income, which showed total income of $332,973, total deductions of $233,899, and ordinary income of $99,074. The Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., attached to Form 1065, reported petitioner's half share of the $99,074 as $49,537.

Petitioner reported total partnership income of $16,122 on Schedule E, Supplemental Income and Loss, attached to his Form 1040, U.S. Individual Income Tax Return. Petitioner now concedes that the $49,537 reported on Schedule K-1 should have been reported on Schedule E, but claims that only $16,122 should be subject to income tax because petitioner incurred unreimbursed partnership expenses totaling $33,415.

It is well settled that a partner may not directly deduct partnership expenses on his individual tax return. Cropland Chem. Corp. v. Commissioner, 75 T.C. 288, 295 (1980), affd. without published opinion 665 F.2d 1050 (7th Cir. 1981); Wallendal v. Commissioner, 31 T.C. 1249, 1252 (1959). An exception applies when there is an agreement among the partners in a partnership agreement, or in a routine partnership practice tantamount to an agreement, which calls for a partner to pay partnership expenses from his own funds. Cropland Chem. Corp. v. Commissioner, supra at 295; Wallendal v. Commissioner, supra at 1252; Klein v. Commissioner, 25 T.C. 1045, 1051-1052 (1956).

The partnership claimed total deductions of $233,899 on its

tax return. The partnership agreement specifically provides that "The Partnership shall have a non-reimbursement policy when expenses are incurred outside the partnership." There is no partnership provision requiring petitioner as a partner to pay partnership expenses from his own funds.

Petitioner contends that he and his partner had a verbal agreement that petitioner would not seek reimbursement from the partnership for expenses he paid. Petitioner offered no evidence, other than his own oral testimony, that such an agreement existed or that he was required under such agreement to pay partnership expenses from his own funds. It is well established that this Court is not bound to accept a taxpayer's self-serving, unverified, and undocumented testimony. Shea v. Commissioner, 112 T.C. 183, 189 (1999); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Whether or not petitioner ever made any alleged unreimbursed payments, petitioner was not required by the partnership agreement to make such payments, nor did petitioner prove there was a level of routine partnership practice tantamount to an agreement to do so.

On this record, we conclude that petitioner is not entitled to deduct the unreimbursed partnership expenses in issue on his individual income tax return.

We next consider whether petitioner is liable for the accuracy-related penalty under section 6662(a). Respondent has

satisfied his burden of production with respect to this penalty. Section 6662(a) imposes a 20-percent penalty on the portion of any underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c). Moreover, negligence is the failure to exercise due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c).

In this case, section 6664(c) has not been satisfied. Although petitioner had access to tax advisers, nothing in the record indicates that he had any basis for believing that he could personally deduct the alleged expenses in issue. Such action is not that of a prudent and reasonable person in business. We conclude that petitioner was negligent and is liable for the accuracy-related penalty under section 6662(a) as determined by respondent.

Contentions we have not addressed are irrelevant, moot, or meritless.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.