## APPEAL OF THE BUSS CO.

Docket No. 2952.    Submitted May 29, 1925.    Decided July 10, 1925.

Inventory methods used consistently and uniformly 'for many years that reflect taxpayer's income accurately should not be disturbed by arbitrary adjustments that result in distortion of actual income.

*Paul Potter, 'Esq.,* for the taxpayer.
*F. O. Graves, Esq.,* for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

The amount of the deficiency asserted in this appeal is $1,859.35, of which amount $1,566.28 income and profits tax for the fiscal year ended January 31, 1920, is in controversy. The deficiency results from the refusal of the Commissioner to accept the method of taking inventories used by the taxpayer.

### FINDINGS OF FACT.

1. The taxpayer is an Ohio corporation organized in 1911, since which time it has conducted a general country store in Hudson, Ohio. Its stock in trade consists of staple products and the usual line of merchandise handled by such a small-town concern. It is located in a village of a few hundred people of which the population has been practically constant for the past ten years. The sales and profits of the taxpayer during this period were fairly uniform from year to year.

2. The method of arriving at inventory values employed by the taxpayer since its organization was as follows:

It first ascertained its quantities of merchandise on hand and priced them at replacement cost, i. e., market value, and having determined the total market value of such merchandise, it would make an estimate of the amount it deemed necessary to bring the total inventory down to a cost basis, and then deduct the last amount from its total inventory at market value. The balance thus obtained represented its best judgment of cost of merchandise which appeared on its books and its tax returns as its inventories. The Commissioner considers the deductions above referred to as depreciation and refuses to accept the result of the taxpayer's inventory values thus obtained.

3. Following the above method of inventorying, the taxpayer computed its opening inventory, January 31, 1919, at $27,106.90, and its closing inventory, January 31, 1920, at $38,134.69. The

Commissioner added to this opening inventory the sum of $3,022.98, and to the closing inventory added $6,729.65, making the opening inventory $30,129.88 and the closing inventory $44,864.34, and thus determined additional income in the amount of $3,706.67. The additions to the inventory values were made by the Commissioner on the theory that the taxpayer had taken these sums as depreciation on inventories, which is not permitted by the regulations of the Commissioner.

4. The cost of goods sold, sales, gross profits, expenses, and net profits of the taxpayer for a seven-year period, including the period in controversy, were as follows:

| Year ended. | Cost of goods sold. | Sales. | Gross profit. | Expenses. | Net profit. |
|---|---|---|---|---|---|
| Jan. 31, 1917 | $37,827.36 | $47,114.11 | $9,286.75 | $6,469.60 | $2,817.15 |
| Jan. 31, 1918 | 41,234.11 | 51,357.23 | 10,123.12 | 6,650.79 | 3,472.33 |
| Jan. 31, 1919 | 61,978.90 | 77,194.93 | 15,216.03 | 7,766.58 | 7,449.45 |
| Jan. 31, 1920 | 60,092.03 | 74,844.83 | 14,752.80 | 7,966.58 | 6,786.22 |
| Jan. 31, 1921 | 57,136.50 | 71,163.71 | 14,027.21 | 12,092.00 | 1,935.21 |
| Jan. 31, 1922 | 48,796.31 | 60,775.98 | 11,979.67 | 11,790.07 | 189.60 |
| Jan 31, 1923 | 51,771.96 | 64,482.16 | 12,710.20 | 12,171.03 | 539.17 |
|  | 358,837.17 | 446,932.95 | 88,095.78 | 64,906.65 | 23,189.13 |

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 15 days' notice under Rule 50.

### OPINION.

LANSDON: The taxpayer since its organization in 1911 has used the method of inventorying its merchandise set forth in the findings of fact. This method is somewhat faulty in that it does not show with mathematical precision the actual cost or the cost or market values, whichever is lower, of the merchandise, and in that it does not comply strictly with the regulations of the Commissioner. The principal fault is that such inventories are based on estimates. The principal merit of the taxpayer's system is that it has been uniformly and consistently used for twelve years or more. However, we cannot see that the Commissioner has improved the situation. He has used the same estimated values and restored what he considers was the taxpayer's depreciation to obtain market value. At the hearing it developed that the taxpayer had not depreciated the market values but was in fact attempting to reduce market to cost.

The sole purpose of inventory valuation is to reflect income as clearly as possible. The result of the Commissioner's computation

is obviously to distort the true situation, as his figures indicate that during the fiscal year ended January 31, 1920, the net profit equaled 44 per cent of the entire net profit realized in seven years, and that the operations of the following year resulted in a loss of approximately $6,000. An analysis of the cost of goods sold, sales, expenses, and the net income during these same years discloses no such abnormality for the year in question. On the other hand, it was shown that the taxpayer carried only staple products sold in a community where the population is fairly constant and that the market, the quantity and the character of merchandise carried in its inventory are also practically constant. However faulty the taxpayer's inventory method was, we believe that greater weight should be given to consistency than to any particular method of inventorying or basis of valuation so long as the method or basis used substantially reflects the income. This rule has been given great weight both by the Commissioner and the Board. *Appeal of The Thomas Shoe Co.*, 1 B. T. A. 124, and *Appeal of George C. Peterson Co.*, 1 B. T. A. 690. As at this time it is impossible to obtain the absolute true inventories other than by estimates or analysis of the operations of the taxpayer, we are of the opinion that the opening and closing inventories originally reported by the taxpayer more truly reflect the true situation than do the arbitrary adjustments made by the Commissioner, and that the taxpayer's income and resulting tax liability for the fiscal year ended January 31, 1920, should be recomputed accordingly.