CHAS. H. SACHS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7561. Promulgated February 4, 1927.

1. A debt determined to be worthless and charged off during the year was a proper deduction from gross income.

2. That portion of the expense of operating and maintaining automobiles applicable to their use by petitioner in going from his home to his place of business and in returning to his home is not a proper deduction from gross income as an ordinary and necessary business expense. The evidence is not sufficient to enable the Board to determine what portion, if any, of the upkeep and operating expense of two automobiles was applicable to the use thereof by petitioner in carrying on his profession as a lawyer.

3. In the absence of evidence of the value on March 1, 1913, of certain property purchased in 1901 and sold in 1921, the gain or loss upon the sale thereof can not be determined.

*F. R. Gibbs, Esq.,* for the petitioner.
*Wm. H. Lawder, Esq.,* for the respondent.

The Commissioner determined a deficiency in income tax of $569.92 for the calendar year 1921 resulting from the disallowance of (1) a deduction of $1,000 for alleged worthless debts; (2) $1,350 alleged to have represented one-half of the cost of operating automobiles for business purposes; (3) an alleged loss of $500 on the sale of a farm. Petitioner claims these disallowances were erroneous.

FINDINGS OF FACT.

Petitioner is a resident of Pittsburgh, Pa., where he is engaged in the practice of law. On February 20, 1919, he loaned one Louis Fink, of New York, who was engaged in the operation of a moving picture theater, the sum of $1,000. Fink agreed to repay the loan in nine months; however, at the end of that period, he was not in position to do so and petitioner did not at that time press him for pay-

ment. Thereafter petitioner endeavored to collect the amount of the loan. In 1921 Fink was heavily in debt and failed in his moving picture venture and his business was sold out. At the end of 1921 Fink was without assets and petitioner determined the debt to be worthless. In his income-tax return for 1921 he deducted the amount from gross income.

During 1921 petitioner owned two automobiles, a Standard " 8 " and a Studebaker " 6." The Standard was purchased in 1917 at a cost of $1,900 and the Studebaker was purchased in 1921 at a cost of $2,000. Petitioner used these automobiles for personal and general family uses and in going to and from his home, and, to some extent, in connection with the practice of his profession whenever the occasion for such use arose. His office was in the Frick Building, in Pittsburgh, and from October to May his residence was at 5541 Hays Street, Pittsburgh. He had a summer home at Penn Township, Allegheny County, about fifteen miles from his office, at which he resided from May to October each year. He also used one of his automobiles in going to and from his office while living at his summer home.

During the year 1921 petitioner expended the following amounts in the operation and upkeep of these two automobiles, including chauffeur's wages:

| | |
|---|---|
| Glesenkamp & Sons Co., repairs, etc | $175. 00 |
| Miscellaneous repairs | 176. 31 |
| Gas, oil and tires at $35 a month | 420. 00 |
| Chauffeur's wages | 1, 200. 00 |
| Total | 1, 971. 31 |

On September 14, 1901, petitioner and his partner, one Spiro, purchased an equal interest in a parcel of land situated in Union Township, Allegheny County, on which there was located a two-story frame dwelling house and outbuildings. The consideration paid for this property was $62 in cash and the assumption of a mortgage debt of $1,500, with interest at 6 per cent from December 11, 1900. In 1902 petitioner purchased Spiro's interest at cost to him, and from time to time thereafter made payments on the mortgage indebtedness which was finally discharged on January 27, 1911. The property has at all times been rented. From time to time during petitioner's ownership of the property he expended undisclosed sums for repairs, additions, and upkeep. On May 18, 1921, he sold the property for $1,300.

### OPINION.

LITTLETON: We are satisfied from the evidence that the debt of $1,000 due the petitioner from Fink was properly determined to be

worthless and charged off within the year 1921, and was, therefore, a proper deduction from gross income.

Petitioner claims that to the items of automobile expense hereinbefore set forth there should be added $1,000 for exhaustion, wear and tear, making a total of $2,971.31, and that one-half of this amount was a proper deduction from his gross income for 1921 as ordinary and necessary business expense. That portion of the cost of upkeep and operation of the automobiles which was properly chargeable against their use by the petitioner in going between his home and his office was not an ordinary and necessary expense. *Appeal of Frank H. Sullivan*, 1 B. T. A. 93. The evidence as to the extent to which the automobiles were used by petitioner strictly in connection with his profession is not sufficient to enable the Board to determine what portion, if any, of the total expense should be allocated thereto. We therefore approve the Commissioner's disallowance of this item.

The Board can not determine from the evidence whether or not the petitioner sustained a deductible loss in 1921 on the sale of the property mentioned. We can determine the cost thereof in 1901 and the sales price in 1921, but we have no evidence of the cost of additions or of the value of the property on March 1, 1913. Without this information we can not say that petitioner sustained a deductible loss of $500 or any other amount on the sale.

In view of this we affirm the Commissioner's determination in this regard.

> *Judgment will be entered after 15 days' notice, under Rule 50.*