MAURICE H. WINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

P. E. REEDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4797, 4798. Promulgated April 21, 1927.

*Franklin C. Parks, Esq.*, for the petitioners.
*J. L. Deveney, Esq.*, for the respondent.

STERNHAGEN: Deficiencies of $219.65 in the case of Maurice H. Winger and $247.58 in the case of P. E. Reeder, for the years 1920 and 1921. Respondent disallowed club dues and a proportionate part of the estimated cost of upkeep and depreciation of automobiles, as business expenses, and in the case of Maurice H. Winger also disallowed a deduction for 1921 of an alleged bad debt.

### FINDINGS OF FACT.

The petitioners were members of a partnership engaged in the practice of law at Kansas City, Mo. The profits of the business were divided equally. Each partner used his own automobile in attending court and otherwise in connection with the firm's practice. P. E. Reeder did most of the trial work of the firm. They were required to attend court in Kansas City, Mo., Kansas City, Kans., and Liberty, Mo., all at varying distances from the office. It was also necessary, at various times, to make trips to and from their clients' places of business. The expense of the automobiles used by the partners was not treated as a partnership expense, was not shown on the partnership books, and was not deducted in the partnership returns.

Reeder, during 1920 and 1921, used a Dodge car which he had purchased in 1919 at a cost of about $1,900. He deducted depreciation for each year in the amount of $235, and cost of maintenance and operation $300, a total of $535. This was an estimated apportionment, as between personal and business, of an estimated amount of such cost and depreciation.

Winger, during 1920 and 1921, owned and used continuously two automobiles. At various times during such years he owned a Cadillac, a Ford, and a Nash automobile. All of these cars were used indiscriminately in going to and from his office and for family and personal use generally, and on firm business. In his income-tax returns for 1920 and 1921 he deducted as depreciation on the Cadillac car $320, and as maintenance and upkeep cost on the Cadillac car $360, a total of $680. This was estimated as one-half of the total

annual estimated depreciation and upkeep cost for each of the years in question.

No deduction was made for depreciation or maintenance cost on other cars owned and used by the petitioners during the years 1920 and 1921. No record was kept by either petitioner of the actual cost of the use of the cars or of their proportionate use for professional purposes as distinct from family use and other personal purposes.

During 1920 and 1921 the petitioners were members of a club known as the Mid-Day Club, and each paid annually $60 as dues. The Mid-Day Club maintained rooms consisting of a dining room, kitchen and lounging lobby. It was used by its members and by these petitioners particularly for luncheon purposes and for conferences with clients. The amount of the dues was deducted by each petitioner on his individual return as an ordinary and necessary business expense. The amounts were not deducted in the partnership returns for the years in question.

Maurice H. Winger, on November 9, 1921, loaned to his brother, C. H. Winger, $95, for which a note was given, due and payable in 30 days. The brother was out of employment at the end of the year 1921. Additional loans were made to the brother in subsequent years. None of these loans has ever been collected and no strenuous efforts at collection have been made. This petitioner expects to receive a reimbursement for the various loans made to his brother out of monies which will become due his brother and which will pass through the petitioner's hands before they will be paid to C. H. Winger. The petitioner kept no books of account during the year 1921.

> *Judgments will be entered for the respondent on 15 days' notice, under Rule 50.*