W. H. LAWSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4510. Promulgated July 2, 1928.

*Walter Hoffman, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: The first and second issues raised are identical in principle and vary only in that the deductions are claimed by the petitioner as an individual and as a member of the partnership, respectively. The petitioner did not segregate nor identify his alleged expenses except in totals and round numbers—at best merely estimates—and did not submit any memoranda or other evidence relating to their actual use as ordinary and necessary business expenses incurred during the taxable years 1918, 1919, and 1920 in

carrying on the trade or business of the petitioner and of the partnership. The petitioner showed no positive or independent recollection of his expenditures and failed to prove them with reasonable definiteness. Therefore, the sums claimed as personal traveling and selling expenses, amounting to $6,344 from January 1 to July 31, 1918, inclusive; $8,175.90 from August 1 to December 31, 1918; $22,634.59 in the year 1919; and $5,671.04 in the year 1920, are disallowed as deductions from the gross income of the petitioner and the partnership. Under this heading there are additional items representing salary paid to W. R. Lawson, $12,028.33 in 1919, $4,000 in 1920, and $2,000 in 1921, and depreciation on the petitioner's automobile amounting to $362.50 in 1919, $1,087.50 in 1920, and $1,296 in 1921. Out of his salary W. R. Lawson was required to pay all of his own expenses and the ordinary and necessary business expenses incident to the sale of wine and to his duties as his father's assistant. His salary was reasonable in view of the large volume of sales, the ample profit thereon and the necessity for the prompt disposal of the wine. The evidence showed that the petitioner paid to W. R. Lawson the sums of $12,000, $4,000, and $2,000 as salary for the years 1919, 1920, and 1921, respectively, and these amounts will be allowed as deductions from petitioner's gross income for those years. The petitioner's claim for depreciation on his automobile is disallowed because it was utilized for his personal needs and pleasures as well as for his business. No attempt was made to segregate the proper amounts allocable and chargeable to such uses. *Chas. H. Sachs*, 6 B. T. A. 68; *Maurice H. Winger*, 6 B. T. A. 945; *George B. Friend*, 8 B. T. A. 712; and *Abraham W. Ast*, 9 B. T. A. 694.

The purchase of secondhand barrels by W. R. Lawson and their subsequent sale to and through the partnership was a transaction wholly independent of the activities of both the petitioner and the partnership. The evidence discloses that the petitioner had no interest in this venture and derived no profit from it. Therefore, the income of the petitioner should be decreased by $1,009.12 in 1918 and $4,778.81 in 1919, representing his alleged profit from dealing in secondhand barrels.

The petitioner claims to have made contributions amounting to at least $500 in 1919 to various charitable institutions, but he has failed wholly to prove either the amounts paid or the names of such institutions. Therefore, we approve the action of the respondent in disallowing this deduction.

Section 203 of the Revenue Acts of 1918 and 1921 provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the

approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Article 1582, Regulations 45, provides:

Inventories should be valued at (a) cost or (b) cost or market, whichever is lower. Whichever basis is adopted must be applied to each item and not merely to the total of the inventory. * * * A taxpayer may, regardless of his past practice, adopt the basis of cost or market, whichever is lower, for his 1918 inventory, provided a disclosure of the fact and that it represents a change is made in the return. Thereafter changes can be made only if permission is secured from the Commissioner. * * *

Article 1582, Regulations 62, provides:

The Act provides two tests to which each inventory must conform: (1) It must conform as nearly as may be to the best accounting practice in the trade or business, and (2) it must clearly reflect the income. It follows, therefore, that inventory rules can not be uniform but must give effect to trade customs which come within the scope of the best accounting practice in the particular trade or business. In order to clearly reflect income, the inventory practice of a taxpayer should be consistent from year to year and greater weight is to be given to consistency than to any particular method of inventorying or basis of valuation so long as the method or basis used is substantially in accord with these regulations. * * *

The record relating to the inventory basis used by the partnership in making its returns is uncertain and confusing. Though it was apparently assumed at the hearing that the partnership inventories for 1918 and 1919 were taken at cost, there is no evidence establishing this fact. There is no proof of the cost of the wine and the evidence of value is conflicting. The regulations require permission of the Commissioner before changing the basis of taking inventory, but no permission was requested until 1923 or 1924 and none was ever given to change the method for the years 1919, 1920, or 1921. It is a well established rule that inventories should be taken on a consistent basis from year to year so long as the method used substantially reflects income. *Thomas Shoe Co.*, 1 B. T. A. 124; *George C. Peterson Co.*, 1 B. T. A. 690; *The Buss Co.*, 2 B. T. A. 266. From the meager record before us we are unable to determine whether or not the inventory method employed distorted the partnership income for 1919, 1920, and 1921. We sustain the determination of the respondent with respect to the partnership inventories during those years.

The evidence as to the grapes grown on the La Tosca Ranch is likewise insufficient to prove error. Though there is some testimony from which an inference might be drawn that the respondent's adjustment was not justified, this evidence is not sufficiently definite to establish that the cost of production appeared on the books of the partnership.

There was accrued on the partnership books the sum of $522.07 as a Federal tax on grape juice assessed under the provisions of Title VI of the Revenue Act of 1921. The respondent added this amount to the gross income of the partnership. The record shows that this item was accrued and unpaid in 1921 but there is no evidence that the partnership returns were made on an accrual basis. Under these facts we are unable to say that respondent was in error.

The petitioner has submitted no evidence to support his allegations of error numbers 9, 10, 11, and 12. These contentions are disallowed for lack of proof.

*Judgment will be entered under Rule 50.*