*557 OPINION.
Murdock:
The petitioner contends that $100,000 which he received from the Fleischmann Co. in 1922 was a gift and, therefore, under section 213(b)(3), it should not be included in his gross income. The amount in controversy is the amount which the petitioner was entitled to receive each year under a 10-year contract of employment entered into on October 17, 1919, and not canceled until May 1, 1925. The record does not disclose that any corporate action was ever taken relative to making a gift to the petitioner in the year 1922. *558 Julius spoke of the amount as a “ gratuity ” but be was not the company. Although after 1921 the petitioner no longer performed the regular duties for the Fleischmann Co. which he had previously performed, it appears that in the year 1922 he rendered valuable services to the Fleischmann Co., was ever watchful of the Fleischmann interests, particularly in connection with the International Yeast Co., and was ready and willing to aid the company in any way in case the company requested his aid. In the past, the petitioner had performed services of great value to Julius Fleischmann and the Fleisch-mann Co. over a period of approximately 25 years. If his contract with the company had been terminated, a loss to the petitioner would no doubt have resulted. To establish a gift, there must be an intention to make a gift, a change in possession in accordance therewith, and an acceptance by the donee. If there be consideration for the transfer, then there is no gift. See Noel v. Parrott, 15 Fed. (2d) 669; Cora B. Beatty, Executrix, 7 B. T. A. 726; Willis L. Garey, 16 B. T. A. 274. Past services may be the consideration for a transfer of the property; likewise, the transfer may be compensation for a loss sustained through a termination of an employment. Noel v. Parrott, supra; Cora B. Beatty, Executrix, supra; August Merkens, 7 B. T. A. 32; E. B. Tousek, 1 B. T. A. 1164. Section 213(a) of the Revenue Act of 1921 defines gross income in very broad terms, and we can not say from the evidence before us that the Commissioner erred in including the amount in controversy in the petitioner’s gross income. The evidence does not satisfactorily show an intention on the part of the company to make a gift and it does not appear that consideration was lacking.
The Commissioner’s determination in regard to the petitioner’s expenses incident to his business in England in 1922 must be approved. If a taxpayer changes his place of business he may not deduct the cost of moving his family to the new location as an ordinary and necessary expense of carrying on his business. Baxter D. McClain, 2 B. T. A. 726; George W. Megeath et al., 5 B. T. A. 1274; Walter Schmidt, 11 B. T. A. 1199. If he goes away temporarily on business he may not in the ordinary case deduct the expense of taking his family with him. It may be that in some cases a part or all of such expenses would be deductible, but we need not decide the question at this time, for in this case no sufficient business necessity required the petitioner to take his family with him for a temporary stay. He appears to have taken his family with him for personal reasons unrelated to his business. The other items in controversy consist of the usual expenses incident to the upkeep of a suitable residence for the petitioner and his family where all members of the household lodged and had their meals. The total amounts are clearly not deductible. No basis for segregation or allocation of the *559 total amounts was suggested and we can think of none. The entire amount must be disallowed. The rent for the house in New York is not a proper deduction under any provision of the Revenue Act.
At the trial the respondent’s counsel made it clear that he had only one reason for questioning the operating losses on the farm, to wit, that the farm project was not entered into and operated for profit. There is nothing in the record to indicate that the petitioner purchased and operated the farm purely for pleasure, but this is not enough; it must appear that he carried on the farming operations for profit. Thacher v. Lowe, 288 Fed. 994.
From time to time the petitioner’s intentions in regard to this farm changed, but at all times he was hopeful of realizing a profit from the operation of this farm. At first, and for several years, he intended to develop it into a model dairy farm. Ile was not able to give a great deal of his time or attention to the farm although at various times he considered giving a large part of his time to it. Before the taxable years in question, his intentions in regard to the farm had somewhat altered due to the fact that Julius Fleischmann urged him to make certain changes which would be beneficial to the Fleischmann Co., but at all times the question of a profit to the petitioner received first consideration. The deductions should be allowed. Thomas F. Sheridan, 4 B. T. A. 1299; Samuel Biker, Jr., Executor, 6 B. T. A. 890; August Merckens, supra; Moses Taylor, 7 B. T. A. 59; Hamilton F. Kean, 10 B. T. A. 97; Walter P. Temple, 10 B. T. A. 1238.

Judgment will he entered under Rule 50.