JENNIE A. PETERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35101, 46071. Promulgated May 9, 1930.

*Arthur M. Kracke, Esq.*, for the petitioner.
*Leslie Rushbrook, Esq.*, for the respondent.

## OPINION.

MORRIS: The petitioner contends that she should be permitted to deduct from her gross income certain transportation and subsistence expenditures made by her in traveling from her home at Mount

Kisco, N. Y., to Chicago, and return, for the purpose of conferring with her employees in Chicago upon questions of investment and to consult counsel with respect thereto, and for the preparation of her tax returns, etc.

From the stipulated facts the instant case appears to be no different, except possibly in the distance traveled, from those cases where taxpayers have sought to deduct expenses incurred in traveling to and from their employment or place of business, in all of which it has been uniformly held that such expenses were not deductible. *Frank H. Sullivan*, 1 B. T. A. 93; *Mort L. Bixler*, 5 B. T. A. 1181; *Chas. H. Sachs*, 6 B. T. A. 68.

In the case of *Mort L. Bixler, supra*, the Board said:

In the opinion of the Board, traveling and living expenses are deductible * * * only while the taxpayer is away from his place of business, employment, or the post or station at which he is employed, in the prosecution, conduct, and carrying on of a trade or business. A taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business, * * * and take a deduction from gross income for his living expenses while away from home. We think section 214 (a) (1) intended to allow a taxpayer a deduction of traveling expenses while away from his post of duty or place of employment on duties connected with his employment.

We are of the opinion that *Arthur Kaiser*, 2 B. T. A. 609; *Emil B. Meyrowitz*, 3 B. T. A. 1327; and *Robert G. Johnson*, 10 B. T. A. 229, relied upon by the petitioner, are clearly distinguishable upon the facts and can not be followed in the instant proceeding.

*Decision will be entered for the respondent.*