## COMMISSIONER OF INTERNAL REVENUE v. BENSON et al.

### No. 10578.

Circuit Court of Appeals, Ninth Circuit.

Dec. 13, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and I. Henry Kutz, Sp. Assts. to Atty. Gen., for petitioner.

Marcus O. Benson, in pro. per., for respondents.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In their joint income tax return for 1940, Marcus O. Benson and Minerva J. Benson, husband and wife, in computing their net income, deducted from their gross income expenses aggregating $172.52. The Commissioner of Internal Revenue disallowed the deduction and hence determined a tax deficiency of $6.83. The Bensons thereupon petitioned the Tax Court (then called the Board of Tax Appeals) for a redetermination of the deficiency. The Commissioner answered, a hearing was had, and the Tax Court made its findings of fact, held that the deduction was allowable, and hence decided that there was no deficiency.[1] The Commissioner seeks reversal of the Tax Court's decision.

The Commissioner specifies as error the Tax Court's holding that the deduction was allowable. Determination of the question thus raised is governed by §§ 23 and 24 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, the pertinent provisions of which are as follows:

"Sec. 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) Trade or business expenses.

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, * * * *"[2]

"Sec. 24. Items not deductible.

"(a) General rule. In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses, * * *"

These facts are undisputed: During 1940 Marcus O. Benson was a traffic officer of the California Highway Patrol. His salary as such officer constituted a part, if not the whole, of his and his wife's income for 1940. Officers of the Patrol were required to furnish their own uniforms, including shirts, jackets, caps, boots and breeches. These had to conform to specifications prescribed by the head of the Patrol. Officers of the Patrol were also required to keep their uniforms clean and in repair. They were required to wear their uniforms while on duty, except when on special detail as plain clothes officers. They were not permitted to wear them when employed for compensation outside their official duties. It was the practice of such officers, including Benson, to change from their uniforms to civilian attire upon going off duty and to remain in civilian attire except when on duty. Only on rare occasions did any such officer wear his uniform when not on duty. A reason for this was that civilian attire was more comfortable and less expensive. During 1940 Benson expended $120.02 for articles[3] constituting parts of his uniform and $52.50 for the cleaning of his uniform —a total of $172.52. These were ordinary and necessary expenses. They were incurred and paid to enable Benson to earn his salary as a traffic officer, which is to say, they were incurred and paid for the production of income.[4]

In view of these facts, we think that the Tax Court was right in holding that these expenses were deductible from the Bensons' gross income in computing their net income for 1940. We reject, as did the Tax Court, the Commissioner's contention that these were personal expenses and hence not deductible.[5] These expenses were fairly comparable to those held deductible in Hutchison v. Commissioner, 13 B.T.A. 1187; Meier v. Commissioner, 2 T. C. 458; and Harsaghy v. Commissioner, 2 T.C. 484.[6] They were unlike those held nondeductible in Sparkman v. Commissioner, 9 Cir., 112 F.2d 774; Bourne v. Commissioner, 4 Cir., 62 F.2d 648; Winger v.

[1] Benson v. Commissioner, 2 T.C. 12.

[2] The quotation is from § 23 of the Internal Revenue Code, as amended by § 121 of the Revenue Act of 1942, which declares that "The amendments made by this section shall be applicable to taxable years beginning after December 31, 1938." 56 Stat. 819, § 121(d), 26 U.S.C.A. Int.Rev. Code, § 23 note.

[3] Two shirts, a jacket, two caps, a pair of boots and two pairs of breeches.

[4] See § 23(a) (2), supra.

[5] See § 24(a) (1), supra.

[6] Expenses held deductible: In Hutchi-

Commissioner, 6 B.T.A. 945; Lester v. Commissioner, 19 B.T.A. 549; and Peters v. Commissioner, 19 B.T.A. 901,[7] cited by the Commissioner.

Decision affirmed.

son v. Commissioner, the cost of costumes which the taxpayer, an actor, was required to furnish at his own expense; in Meier v. Commissioner, the cost of uniforms and accessories which the taxpayer, a nurse, was required to furnish at her own expense; in Harsaghy v. Commissioner, the cost of uniforms and of laundering uniforms which the taxpayer, a nurse, was required to furnish and launder, or have laundered, at her own expense.

[7] Expenses held nondeductible: In Sparkman v. Commissioner, the cost of artificial teeth; in Bourne v. Commissioner, medical and hospital expenses; in Winger v. Commissioner, club dues; in Lester v. Commissioner, the cost of transporting the taxpayer's family to England and of maintaining a residence there; in Peters v. Commissioner, traveling expenses.