329 P.2d 1019

Roy V. CARLSON and Dorothy Carlson, husband and wife, Plaintiffs-Respondents,

v.

IDAHO STATE TAX COMMISSIONER, Defendant-Appellant.

No. 8634.

Supreme Court of Idaho.

April 22, 1958.

On Rehearing Sept. 30, 1958.

338

Graydon W. Smith, Atty. Gen., Elbert E. Gass and Edward Aschenbrenner, Asst. Attys. Gen., Boise, for appellant.

Caldwell & Whittier, Pocatello, for respondents.

PORTER, Justice.

Plaintiffs duly filed their joint income tax returns for the years 1954 and 1955 in the office of appellant. On or about the 24th of May, 1956, respondents received a notice of deficiency from the office of appellant informing them that on their return for the year 1954 there was a deficiency of $35.41, together with penalty and interest, and that on their return for the year 1955 there was a deficiency of $48.42, together with penalty and interest. These deficiencies were determined by the disal-

lowance of claimed expense for travel each day by respondent, Roy V. Carlson, from his home in Pocatello to his place of temporary employment and return.

Respondents protested the determination of such deficiencies before the State Tax Commission which affirmed the order of appellant. Whereupon this action was commenced to review the order of appellant determining such deficiencies. In answer to the complaint of respondents, appellant did not deny the facts set out in the complaint but alleged that such traveling expenses were not ordinary and necessary expenses deductible from income. Respondents moved for judgment on the pleadings which motion was granted and judgment entered for respondents. From such judgment appellant has appealed.

A stipulation of facts was entered into between the parties and submitted to the State Tax Commission for use in the hearing upon respondents' protest. A copy of such stipulation of facts is attached to the complaint, made a part thereof, and reads as follows:

"Exhibit E
"Facts Stipulated Before Tax
Commissioner

"The facts stipulated were as follows:

"(1) That Roy V. Carlson and Dorothy Carlson, husband and wife, re-

sided at Pocatello, Idaho, during 1954 and 1955.

"(2) That Roy V. Carlson, hereinafter called petitioner, is an electrician by trade. During 1954 he worked as follows:

"From February 8th, 1954, to and including April 9th, 1954, he worked for the Cache Valley Electric, as an assistant in building of an installation at the A.E.C. Site on the desert near Arco, Idaho, and the round trip to said installation from Pocatello, Idaho, is 197 miles.

"From April 12th, 1954, to and including April 15th, he worked for the H-T Electric Company on an installation H-T Electric was making at the Monsanto Chemical Corporation plant near Soda Springs, Idaho, and the round trip mileage from Pocatello is 152 miles.

"That from May 18th, 1954, to and including December 29th, 1954, he worked for the Reynolds Electric and engineering company on an installation at the A.E.C. Site near Arco, Idaho, and the round trip mileage from Pocatello is 198 miles.

"That the contract between the employer and the petitioner contained among other things the following provisions:

" 'Section 12. The unit nearest the job site shall be considered the City or Town in which the Employer has established headquarters.

" 'Section 19(f). On all jobs of more that fifteen (15) consecutive work days duration outside of the ten (10) mile limit, the Employer shall pay in lieu of travel and transportation allowances the sum of 10¢ per road mile each way to each employee. Mileage shall be paid for each day or fraction thereof worked.

" 'When traveling expenses of the employee equal the amount of $7.00 per day, then the job will be considered a subsistence job at the rate of $7.00 per day worked.

" 'Section 20(c). All workman employed on the Arco Project shall receive in lieu of all travel, transportation, and/or other allowances the sum of eight dollars, sixty cents ($8.60) per day worked except that no workman shall receive in excess of $43.00 in any one calendar week.'

"That your petitioner is not furnished with transportation nor are bus or train facilities available to him to the above mentioned places of work. That your petitioner is hired through the office of the International Brotherhood of Electrical Workers Local Union 449 at Pocatello, Idaho, and that said con-

tracts were signed in the office of said electrical union.

"That although the petitioner travels great distances to and from work he does not stay over night, but leaves his home at Pocatello in the morning and returns to said home in Pocatello at the end of each working day."

The statute under which respondents claim the right to deduct the traveling expenses in question is Section 63–3016, subd. a, par. 1, I.C., which reads in part as follows:

"In computing net income there shall be allowed as deductions:

"1. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal service actually rendered; traveling expenses (including the actual and necessary amount expended for meals and lodging) while away from home in the pursuit of a trade or business;"

This section is identical with the Federal Revenue Act on such subject. 26 U.S.C.A. (I.R.C.1939) § 23(a) (1) (A).

■ The facts in this case disclose that we are not concerned here with a claim of deduction by a commuter who lives away from his place of permanent employment for his own convenience and not in the furtherance of his trade or the business of his employer. The record discloses that the employers in question recognize the necessity of employing workmen living at a distance from the temporary work of the employers, and recognize that it is impracticable for the workmen to move their homes to the site of the employer's work when such work is of short duration and temporary in nature. The contracts of employment make provision for payments to the workmen to cover the additional expense of traveling to and from their home to their place of temporary employment. The respondents are compelled to account for these additional sums received to cover traveling expenses as part of their gross income. They seek to have allowed as a deduction the actual expenses of Roy V. Carlson in traveling from his home to his place of work and return.

The Federal courts have considered many times the question of what are reasonable and necessary traveling expenses under the provisions of the federal statute allowing the deduction of same. In Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 252, 90 L.Ed. 203, the court said:

"Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23(a) (1) (A):

"(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade."

In Coburn v. Commissioner of Internal Revenue, 2 Cir., 138 F.2d 763, a taxpayer domiciled in New York was allowed his reasonable and necessary expenses in California while there on temporary employment in making motion pictures. The court held that the home of the taxpayer was in New York and that his employment in California was temporary in nature.

In Harry F. Schurer, 3 T.C. 544, the taxpayer was a journeyman plumber by trade. His home was in Pittsburgh, Pennsylvania. He accepted temporary employment at Harrisburg and at other locations. Upon the completion of each of these assignments he returned to Pittsburgh. The court held that the amounts spent for railroad and bus fare while away from home were deductible from his income as expenses in carrying on his trade or business.

In E. G. Leach, 12 T.C. 20, the taxpayer lived at Florence, Alabama. He was employed by a construction company to erect structural steel. His employment required him to be away from Florence for short periods ranging from a few weeks to several months at places remote from Florence. He could not move his wife and child to those places because of the shortness and indefiniteness of the duration of each job and the unavailability of accommodations. The cost of lodgings for himself while away from home was allowed as a deduction as an ordinary and necessary expense of his trade.

The expenses of Roy V. Carlson in traveling from his home in Pocatello to the various construction jobs upon which he was employed during the years 1954 and 1955 were reasonable and necessary traveling expenses under the facts in this case. Such expenses were incurred while the taxpayer was away from home. Such traveling expenses were incurred in pursuit of the taxpayer's trade of electrician and in furtherance of the business of his employer.

The trial court was correct in holding that such traveling expenses were deductible items of expense under the provisions and within the meaning of Section 63–3016,

subd. a, par. 1, I.C. The judgment of the trial court is affirmed. Costs awarded to respondents.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.

On Rehearing

PORTER, Justice.

■ Section 63-3016(a) (1), I.C., is part of our Property Relief Act adopted in 1931. Such section was taken from the Federal Revenue Act of 1928. On rehearing of this cause, appellant stressed the contentions that when interpreting the Property Relief Act of 1931, we are bound by the decisions of the Federal Courts rendered prior thereto; and that such decisions support the position of appellant that the expenses in question are not deductible items. We recognize that the decisions of the Federal Courts under the 1928 Federal Revenue Act, rendered prior to the adoption of our Property Relief Act, are the rules of decision to be followed by the courts of this state in construing our act. Section 63-3085, I.C.; Girard v. Defenbach, 61 Idaho 702, 106 P.2d 1010; Kopp v. Baird, 79 Idaho 152, 313 P.2d 319. We do not agree that such decisions support appellant's position in this case.

Appellant cites, to uphold his position, among others, the following cases: Sullivan v. Commissioner, 1924, 1 B.T.A. 93; Bixler v. Commissioner, 1927, 5 B.T.A. 1181; Sachs v. Commissioner, 1927, 6 B.T.A. 68; Schmidt v. Commissioner, 1928, 11 B.T.A. 1199; Brown v. Commissioner, 1928, 13 B.T.A. 832; Duncan v. Commissioner, 1929, 17 B.T.A. 1088, affirmed, 2 Cir., 1931, 47 F.2d 1082; Peters v. Commissioner, 1930, 19 B.T.A. 901.

The cases cited by appellant establish the propositions that the ordinary travel of an employee from his home to his place of employment is not a deductible expense; and that the travel of a commuter who lives at a distance from his place of employment for his own convenience and not for the convenience of this employer, is not a deductible item of expense. Such cases agree that each case is to be decided upon its own facts.

None of such cases deals with a situation such as is shown by the facts in this case. Here, we have an employee who had an established tax home. The places of construction of the employers were located at points comparatively isolated and where the local supply of skilled labor was entirely inadequate. The need of the employers for electricians such as respondent, Roy V. Carlson, was limited in time and their employment was temporary and of short duration. It was patently impracticable for such employees to move their families to the points of employment. These facts were recognized by the employers and reimbursement paid to the employees for

**344**

their traveling expenses from their homes to their places of work and return. The principle that the expenses of the employee in going to and from his work in such a situation are deductible is recognized and discussed in Commissioner v. Peurifoy, 4 Cir., 254 F.2d 483.

We adhere to the decision rendered upon the original hearing in this cause. The judgment of the trial court is affirmed. Costs awarded to respondents.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.