Winifred Kapp v. Commissioner.
Kapp v. Commissioner
Docket No. 65266.
United States Tax Court
T.C. Memo 1958-72; 1958 Tax Ct. Memo LEXIS 158; 17 T.C.M. (CCH) 350; T.C.M. (RIA) 58072; April 24, 1958
*158 Held, that the expenditures by petitioner's husband for board and lodging in Denver and its immediate vicinity in the taxable year 1954 were personal expenses within the meaning of section 262 of the Internal Revenue Code of 1954, and not traveling expenses paid in connection with the performance of services as an employee, or in the pursuit of a trade or business while away from home within the meaning of section 62(2)(B) or 162(a)(2) of said Code. Winifred Kapp, 1045 Stewart, Springfield, Mo., pro se. Carswell H. Cobb, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: This proceeding involves a deficiency in income tax determined against petitioner in the amount of $231.08 for the taxable year 1954. The statutory notice was addressed to Joe F. Kapp and Winifred Kapp, husband and wife, but the petition to this Court was filed only by Winifred Kapp. The issue presented involves the question of whether or not certain expenditures by petitioner's husband in the year in question for board and lodging in Denver and its immediate vicinity were personal expenses or travel expenses paid while away from home either in connection with the performance of services as an employee or in the pursuit of a trade or business. Findings of Fact Part of the facts are stipulated and are incorporated herein by this reference. Petitioner, Winifred Kapp, and her husband, Joe F. Kapp, filed a timely joint *160 income tax return for the year 1954 with the Director of Internal Revenue, Denver, Colorado. Respondent sent by registered mail a timely statutory notice of deficiency to Joe F. Kapp and Winifred Kapp, husband and wife, based on the joint return. The petition in the instant case was filed by Winifred Kapp alone. Petitioner was not employed during the year 1954. Her husband has been employed as a millwright for the Colorado Milling & Elevator Company of Denver, Colorado, for many years. For about 17 years, until some time in 1952, his employment was in Springfield, Missouri, where he lived with his wife and family. The company's mill in Springfield was closed down in 1952, since which time it has operated no business in Springfield. Since 1952 petitioner's husband has never worked in Springfield. During 1952, Joe Kapp wrote to the millwright foreman of the same company at Salt Lake City seeking employment. He was accepted and went to work there. About 22 months later, he was transferred to Denver. Petitioner continued to live in Springfield with her children (except during the summer when she and her children joined her husband), and considered Springfield as their legal residence. *161 Joe F. Kapp worked as a member of a crew of millwrights which was sent to one of the company's various mills as the need arose. During the year 1954 he was assigned at the following locations: January 1 to February 12
Denver, Colo.
February 13 to March 3
Wilson, Kans.
March 4 to April 12
Hays, Kans.
April 13 to April 18
Sterling, Colo.
April 19 to May 9
Denver, Colo.
May 10 to June 25
Ft. Collins, Colo.
June 26 to July 11
Gurley, Neb.
July 12 to August 5
Lamar, Colo.
August 6 to December 31
Denver, Colo.
In addition to his wages, the taxpayer received from the Colorado Milling & Elevator Company, six cents per mile as travel expenses between jobs away from the City of Denver and $20 per week subsistence allowance while engaged on jobs not in Denver or its immediate vicinity. He did not receive any subsistence allowance while working in Denver and its vicinity. During 1954, Joe F. Kapp received from his employer, in addition to wages, the sum of $612 as travel expenses and subsistence allowance. This sum was included as income on the joint return filed by the petitioner and her husband and deductions were taken as follows: Less actual expenses incurred: 349 days on road away from home at
$6.00 per day
$2,094.00
2230 miles travel between towns re-
quired by employer
133.80
*162 Of the sums deducted as actual expenses incurred, the respondent has disallowed a total of $1,098 as that portion of the deduction which was attributable to the period spent in Denver or its vicinity. The expenses incurred by the petitioner's husband while working in or near Denver amounted to $1,098. The expenses paid by petitioner's husband for food and lodging while working in Denver and its vicinity were personal living expenses and not expenses of travel away from home paid or incurred either in connection with the performance of services by him as an employee or in the pursuit of a trade or business. Opinion Respondent disallowed a total of $1,098 as that part of meals and lodging of Joe F. Kapp attributable to the period which he spent in Denver and its vicinity for the year 1954. Petitioner contends that during the entire year 1954, her husband's home was in Springfield, Missouri, and argues that the amount above referred to is deductible as travel expense while away from home. The relevant provisions of the statute are set forth in the margin. [1]
*163 The burden of proof rests with petitioner. Petitioner points out that her husband worked for the Colorado Milling and Elevator Company for 17 years in Springfield, Missouri, until the company, in 1952, sold its mill in that city. He then wrote to the millwright foreman at Salt Lake City for employment with the same company; was told to come there for work, and 22 months later transferred to Denver. Petitioner, who continued to live in Springfield with her children, considered Springfield as their legal residence. Respondent, on the other hand, refers to the fact that the company ceased operations in Springfield in 1952; that petitioner's husband never worked in Springfield thereafter; that in 1954 he worked 26 weeks in Denver and its immediate vicinity, about 40 weeks in the State of Colorado, a little over 9 weeks in Kansas, and a little over 2 weeks in Nebraska; that he worked as a member of a crew of millwrights which was cent to one of the company's various mills and elevators as the need arose; and that he received from his employer travel expense only between jobs away from Denver and subsistence allowance only while engaged on jobs not in Denver or its immediate vicinity. *164 We, of course, readily understand petitioner's viewpoint from her personal perspective, but, for the purpose of construing the tax laws as a whole, we think the principles announced in Barnhill v. Commissioner, 148 Fed. (2d) 913 (C.A. 4, 1945), affirming a Memorandum Opinion of this Court sub nom John Wallace Winborne [3 TCM 544,], are here applicable. In that case, in construing earlier provisions of the law substantially similar to those here involved, Judge Soper said (p. 916): "The decisions of the Tax Court have been influenced by this interpretation, and for a long period of time deductions for travel and living expenses at the place of business have been denied to a taxpayer who has chosen to establish his home elsewhere. For example, this ruling has been applied to a manager of public fairs who maintained a home distant from his place of business; to a traveling salesman who was unable to show that he had established a home in any location; to a woman whose home was in New York State but whose business interests were situated in Chicago; to a Congressman whose business was of necessity performed at the seat of government, while his home was in *165 a distant state; and to an actor who maintained a home for his family in New York while he was continuously engaged in his profession during the tax year at Hollywood, California. See Bixler v. Commissioner, 1927, 5 B.T.A. 1181; Duncan v. Commissioner, 1929, 17 B.T.A. 1088; Peters v. Commissioner, 1930, 19 B.T.A. 901; Lindsay v. Commissioner, 1936, 34 B.T.A. 840; Tracy v. Commissioner, 1939, 39 B.T.A. 578." Later, he added (p 917): "It is clear in the first place that Congress, in prescribing the rules for the computation of net income, intended to confine the deductions for business expenses to those which are ordinary and necessary, and to prohibit the deduction of personal, living or family expenses. It was recognized that the taxpayer must maintain a home for his family at his own expense even when he is absent on business, and that his personal expenses during his absence on business may fairly be regarded as expenses of the business. But it is not reasonable to suppose that Congress intended to allow as a business expense those outlays which are not caused by the exigencies of the business but by the action *166 of the taxpayer in having his home, for his own convenience, at a distance from his business. Such expenditures are not essential to the prosecution of the business and were not within the contemplation of Congress which proceeded on the assumption that a business man would live within reasonable proximity to his business. This is not the same as saying that the word 'home' means 'place of business' although in most cases where deductions for traveling expenses are claimed, the result will be the same." Cf. Wallace v. Commissioner, 144 Fed. (2d) 407 (C.A. 9, 1944). The facts in Harold R. Johnson, 17 T.C. 1261 (1952) are strikingly similar to those here presented. In that case the petitioner maintained a home for his family in Stateville, Tennessee, the petitioner's home town. He was employed as a master mechanic by a firm of general contractors. His job was to maintain the construction equipment of his employer, and during the taxable year about 50 per cent of the services rendered were performed in the employer's garage in Memphis, Tennessee. Most of the equipment was located within 150 miles of Memphis, and after making the repairs as directed by his *167 employer, petitioner returned to work at the Memphis garage until he was ordered to repair equipment on another job at other places. On these facts, we said, in part (p. 1263): "We think that the evidence adequately shows that the petitioner had a home at his principal place of employment where he spent half his working time during the taxable year and where he was to work for his employer unless ordered away temporarily to repair machinery located elsewhere. * * *
"Since the opinion in Commissioner v. Flowers, supra, we have said: 'For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed.' Raymond E. Kershner, 14 T.C. 168. Cf. Beatrice H. Albert, 13 T.C. 129. Petitioner's principal place of employment was in Memphis and it was to Memphis he returned after completing each work assignment made by his employer and in accordance with the rule announced in Raymond E. Kershner, supra, we have found petitioner's home to be in Memphis, and it is this location that must serve as point of origin for computing petitioner's traveling expenses while 'away from home.'" *168 We have quoted from supporting authorities in extenso partly because we think the problem warrants us in doing so, and partly because of the strong feeling displayed in the brief filed on behalf of petitioner. We think it appropriate to add that even if we assume, arguendo (although we do not so hold) that petitioner is correct in her position that her husband's home, for the purposes of sections 62(2)(B), 162(a)(2), and 262 of the Code of 1954, was in Springfield, Missouri, for the year in question, it would still be necessary for us to sustain respondent in disallowing the expenses paid by her husband for meals and lodging in Denver and its immediate vicinity. Her husband was a full-time employee of Colorado Milling and Elevator Company during the year in question. The company had no plant or mill in Springfield in that year. Her husband's job away from Springfield was at least for an indefinite period, if not permanent. It is clear that it was not temporary. (In any event, there is no evidence to the contrary.) Under the circumstances, his expenditures for board and lodging in Denver and its environs were nondeductible personal expenses. Kermit L. Claunch, et al., 29 T.C. - (filed *169 February 28, 1958). Accordingly, whether we hold, as we think we must, on the record, that the home of petitioner's husband during 1954 was in Denver for the purposes of the provisions of the 1954 Code referred to supra, or whether we hold that his home was in Springfield (no further alternatives being suggested by either party or supported by the record), we must sustain respondent's determination. Decision will be entered under Rule 50. Footnotes
1. Internal Revenue Code of 1954. SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: * * *
(2) Trade and business deductions of employees. - * * * (B) Expenses for travel away from home. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *
SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩